UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOSHUA SNIDER,

        Plaintiff,                     Case No. 1:25-cv-1164

v.                                       Honorable Ray Kent

UNKNOWN TROWBIGD et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. In a separate order, the Court has granted Plaintiff leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States Magistrate Judge. (ECF No. 4.)

This case is presently before the Court for preliminary review under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under

longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the PLRA, by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) ("Pursuant to 28 U.S.C. § 1915A, the district court screened the complaint and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal.").

Here, Plaintiff has consented to a United States Magistrate Judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named Defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to conduct a preliminary review under the PLRA, in the same way they are not parties who will be served with or given notice of this opinion. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a

consent from the defendants[; h]owever, because they had not been served, they were not parties to this action at the time the magistrate entered judgment.").[1]

Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I.     Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Macomb Correctional Facility (MRF) in New Haven, Macomb County, Michigan. The events about which Plaintiff complains, however, occurred at the Gus Harrison Correctional Facility (ARF) in Adrian, Lenawee County, Michigan. Plaintiff sues Unknown Trowbrigd[2] and Jane Dow. (Compl., ECF No. 1, PageID.1–2, 6.)

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States Magistrate Judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

[2] Plaintiff also refers to this Defendant as "Ms. Trowbridge." For consistency, the Court will use the spelling in the caption of Plaintiff's complaint.

Plaintiff alleges that, on June 16, 2025, Plaintiff used the bathroom 3–4 times while in the law library. (*Id.*, PageID.3.) Although there is no MDOC policy setting forth the number of times a prisoner can use the bathroom while in the law library, Defendant Trowbrigd told a non-party officer to write Plaintiff a ticket for a class II misconduct because Plaintiff used the bathroom too many times. (*Id.*, PageID.4.) As a result, Plaintiff was prohibited from using the law library "for a little over a week." (*Id.*, PageID.3–5.) Plaintiff alleges that Defendants Trowbrigd and Dow discriminated against Plaintiff because Plaintiff is "a Black G.I.D./transgender woman by the name of Sasha." (*Id.*, PageID.6.)

As relief for the events described in Plaintiff's complaint, Plaintiff seeks a "declaratory ruling" and monetary damages. (*Id.*, PageID.9.)

## II.    Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of

4

misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    Claims Against Defendant Dow

Plaintiff alleges only that Defendant Dow discriminated against Plaintiff. (Compl., ECF No. 1, PageID.6.) However, Plaintiff does not make any factual allegations whatsoever against Defendant Dow.

It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v.*

*Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant) (citing *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)); *Rodriguez v. Jabe*, 904 F.2d 708 (6th Cir. 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries.").

Plaintiff's complaint does not contain any factual allegations to describe what Defendant Dow personally did to violate Plaintiff's constitutional rights. Thus, Plaintiff's claims against Defendant Dow fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and will be dismissed. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

**B.      First Amendment Access to the Courts Claims**

Plaintiff claims that Defendant Trowbrigd denied Plaintiff access to the law library for a little over a week. The Court will liberally construe Plaintiff's complaint as raising a First Amendment claim for interference with Plaintiff's access to the Courts.

It is well established that prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). The right of access to the courts prohibits prison officials from erecting barriers that may impede the inmate's access to the courts. *See Knop v. Johnson*, 977 F.2d 996, 1009 (6th Cir. 1992).

However, "[r]estricted access to the law library is not per se denial of access to the courts." *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985) (citation omitted). "To state a viable claim for interference with his access to the courts, a plaintiff must show "actual injury." *Lewis v. Casey*,

6

518 U.S. 343, 349 (1996); *see also Talley-Bey v. Knebl*, 168 F.3d 884, 886 (6th Cir. 1999); *Knop*, 977 F.2d at 1000. In other words, a plaintiff must plead that the defendant's actions have hindered, or are presently hindering, efforts to pursue a nonfrivolous legal claim. *Lewis*, 518 U.S. at 351–53; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). The Supreme Court has strictly limited the types of cases for which there may be an actual injury:

> *Bounds* does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement. Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

*Lewis*, 518 U.S. at 355. "Thus, a prisoner's right to access the courts extends to direct appeals, habeas corpus applications, and civil rights claims only." *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc). Moreover, the underlying action must have asserted a non-frivolous claim. *Lewis*, 518 U.S. at 353; *accord Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999) (*Lewis* changed actual injury to include requirement that action be non-frivolous).

In addition, the Supreme Court squarely has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (citing *Lewis*, 518 U.S. at 353 & n.3). "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 415.

Plaintiff's complaint does not include any well-pleaded factual allegations that would allow the Court to infer that Plaintiff's inability to access the law library for over a week hindered a non-frivolous legal claim in a direct appeal, habeas corpus application, or civil rights claim. Therefore,

7

the Court will dismiss any First Amendment claims for interference with Plaintiff's access to the courts.

    **C.**    **Eighth Amendment Claims**

Plaintiff brings Eighth Amendment claims for "cruel and unusual punishment." (Compl., ECF No. 1, PageID.7.) Plaintiff alleges that Defendant Trowbrigd prohibited Plaintiff from using the law library for over a week (*id.*) by directing a non-party officer to issue Plaintiff a "fake ticket" for using the bathroom 3–4 times (ECF No. 1-1, PageID.15). The Court will construe Plaintiff's complaint as raising Eighth Amendment claims for unconstitutional conditions of confinement.

The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345–46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600–01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954. "Routine discomfort is 'part of the penalty that criminal offenders pay for their offenses against society.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Rhodes*, 452 U.S. at 347). Consequently, "extreme deprivations are required to make out a conditions-of-confinement claim." *Id.*

8

For a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims). The deliberate-indifference standard includes both objective and subjective components. *Farmer*, 511 U.S. at 834; *Helling*, 509 U.S. at 35–37. To satisfy the objective prong, an inmate must show "that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. Under the subjective prong, an official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety." *Id.* at 837. "[I]t is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." *Id.* at 842. "It is, indeed, fair to say that acting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836. "[P]rison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." *Id.* at 844.

Here, Plaintiff has not alleged facts that would plausibly suggest a substantial risk of serious harm. The alleged temporary deprivation of access to the law library for a little over a week, while perhaps inconvenient, did not pose any risk to Plaintiff's health or safety or otherwise deprive Plaintiff of the "minimal civilized measure of life's necessities," *Rhodes*, 452 U.S. at 347—a designation typically reserved for deprivations of "food, warmth, or exercise," *see Wilson v. Seiter*, 501 U.S. 294, 304 (1991). As a result, the Court will dismiss Plaintiff's Eighth Amendment claims.

9

### D. Fourteenth Amendment Due Process Claims

Plaintiff also fails to state Fourteenth Amendment claims related to Defendant Trowbrigd's actions in directing that Plaintiff be issued an allegedly false Class II misconduct charge for using the bathroom. The Fourteenth Amendment protects an individual from deprivation of life, liberty or property, without due process of law." *Bazzetta v. McGinnis*, 430 F.3d 795, 801 (6th Cir. 2005). To establish a Fourteenth Amendment procedural due process violation, a plaintiff must show that one of these interests is at stake. *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). Analysis of a procedural due process claim involves two steps: "[T]he first asks whether there exists a liberty or property interest which has been interfered with by the State; the second examines whether the procedures attendant upon that deprivation were constitutionally sufficient" *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citations omitted).

The Supreme Court long has held that the Due Process Clause does not protect every change in the conditions of confinement having an impact on a prisoner. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). A prisoner's ability to challenge a prison misconduct conviction therefore depends on whether the conviction implicated any liberty interest. A prisoner does not have a protected liberty interest in prison disciplinary proceedings unless the sanction "will inevitably affect the duration of his sentence" or the resulting restraint imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *See Sandin v. Conner*, 515 U.S. at 484, 487.

A prisoner like Plaintiff, who is serving an indeterminate sentence for an offense committed after 2000,[3] can accumulate "disciplinary time" for a major misconduct conviction. *See*

---

[3] Plaintiff is incarcerated for offenses committed in 2023. *See* MDOC Offender Tracking Information System (OTIS), https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=834248 (last visited Oct. 8, 2025).

Mich. Comp. Laws § 800.34. Disciplinary time is considered by the Michigan Parole Board when it determines whether to grant parole. *Id.* § 800.34(2). It does not necessarily affect the length of a prisoner's sentence because it is "simply a record that will be presented to the parole board to aid in its [parole] determination." *Taylor v. Lantagne*, 418 F. App'x 408, 412 (6th Cir. 2011). The Sixth Circuit has concluded that "disciplinary time" never impacts the duration of a sentence in the sense contemplated by *Sandin*. *Nali v. Ekman*, 355 F. App'x 909, 912 (6th Cir. 2009).

Second, Plaintiff has not alleged facts that would plausibly suggest a "significant and atypical deprivation." Plaintiff claims to have been unable to access the law library for a little over a week as a result of the class II misconduct ticket. Plaintiff does not allege any significant harm because of the inability to access the law library during this limited time.

In assessing the significance of Plaintiff's sanctions, the Court is guided by precedent related to the most significant sanction: segregation. The Supreme Court has held that placement in segregation "is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration." *Hewitt v. Helms*, 459 U.S. 460, 468 (1983). Thus, even placement in the more severely restrictive conditions of segregation is considered atypical and significant only in "extreme circumstances." *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010). In *Sandin*, the Supreme Court concluded that the segregation at issue in that case (disciplinary segregation for 30 days) did not impose an atypical and significant hardship. *Sandin*, 515 U.S. at 484.

Where 30 days in the most restrictive sanction of segregation are not considered an atypical or significant hardship, *see Joseph*, 410 F. App'x at 868, it defies logic to suggest a little over a week without access to the law library could be atypical or significant. Therefore, even taking

11

Plaintiff's allegations as true, Plaintiff cannot state a Fourteenth Amendment due process claim. The Court will dismiss any such claims.

### E.  Fourteenth Amendment Equal Protection Claims

Lastly, Plaintiff alleges that Defendant Trowbrigd's actions were discriminatory, in violation of Plaintiff's Fourteenth Amendment right to equal protection. The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. Const. amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985). To state an equal protection claim, Plaintiff must plead facts to show "intentional and arbitrary discrimination" by the state; that is, Plaintiff must show that Plaintiff "has been intentionally treated differently from others similarly situated." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006). Further, "'[s]imilarly situated' is a term of art—a comparator . . . must be similar in 'all relevant respects.'" *Paterek v. Vill. of Armada*, 801 F.3d 630, 650 (6th Cir. 2015) (quoting *United States v. Green*, 654 F.3d 637, 651 (6th Cir. 2011)).

Plaintiff's complaint contains no facts or allegations to support an equal protection claim. Plaintiff states only that Plaintiff is "a Black G.I.D./transgender woman by the name of Sasha." (Compl., ECF No. 1, PageID.6.) Plaintiff then goes on to allege in a conclusory fashion that Defendant Trowbrigd "punish[ed] Plaintiff because Plaintiff['s] life[style] and sexual gender." (*Id.*, PageID.7.) However, Plaintiff fails to provide the Court with any factual allegations that would support that conclusion.

Plaintiff does not provide the Court with any facts regarding Defendant Trowbrigd's treatment of any other prisoner, let alone prisoners similarly situated to Plaintiff in all relevant

respects but treated differently. Instead, Plaintiff's allegations of discriminatory treatment are wholly conclusory, which, again, fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Accordingly, Plaintiff's equal protection claim will be dismissed.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore*, 114 F.3d at 611. For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

A judgment consistent with this opinion will be entered.

Dated:    November 3, 2025                          /s/ Ray Kent
                                                    Ray Kent
                                                    United States Magistrate Judge